# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLOTTE ABIGAIL DILLSAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-265-G |
| ) | |
| JEFFERY SCOTT WILLIAMS et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Charlotte Abigail Dillsaver initiated this action in the District Court of Oklahoma County, bringing claims under Oklahoma law against Defendants Jeffery Scott Williams, United Services Automobile Association ("USAA"), and USAA Casualty Insurance Company ("CIC"). *See* Pet. (Doc. No. 1-2) at 5-32. Defendants USAA and CIC (together, "the USAA Defendants") then removed the case to this Court. *See* Notice of Removal (Doc. No. 1).

Plaintiff has now filed a Motion to Remand (Doc. No. 13). The USAA Defendants have responded (Doc. No. 22) and Plaintiff has filed a Reply (Doc. No. 25).

I.   *Plaintiff's Allegations*

Plaintiff alleges that on or about December 1, 2021, Defendant Williams "crashed his vehicle into Plaintiff's [v]ehicle," resulting in damage to Plaintiff's vehicle and injury to her person. Pet. ¶¶ 1, 23, 28.

Defendant USAA is the parent company of Defendant CIC. *Id.* ¶ 13. At all relevant times, both Plaintiff and Defendant Williams carried automobile insurance coverage

through the USAA Defendants. *See id.* ¶¶ 7, 10, 29.

Plaintiff filed a claim with the USAA Defendants for the damage to her vehicle. *Id.* ¶ 31. The vehicle was determined to be a total loss. *Id.* ¶ 32. To determine the amount of payment due to Plaintiff, the USAA Defendants used a software tool that produced a "CCC One Market Value Report." *See id.* ¶¶ 33-50. The CCC One Market Value Report "provided a purported Base Vehicle Value of $15,592" and "an Adjusted Vehicle Value of $15,763." *Id.* ¶ 50.

Plaintiff alleges that the USAA Defendants used this software tool to "intentionally understate the value of" her vehicle and to underpay her claim. *Id.* ¶ 33. According to Plaintiff, the relevant reports use "a deceptive array of 'comparable' vehicles" and "outcome-determinative adjustments" "to lower the value at which USAA values its first-party insureds' total loss vehicles." *Id.* "USAA then makes a lowball settlement offer to its insured based on this value" and "leverages its superior bargaining position on that value until the insured capitulates." *Id.* Plaintiff contends that the CCC reports are "not objective, accurate, or fair" and that the USAA Defendants "knowingly" and "systematically" use such deceptive reports to minimize indemnity losses. *Id.* ¶¶ 2-3, 22, 33-49, 67-79.

After paying Plaintiff and taking title to the vehicle, the USAA Defendants "resold it for a reported $6,000," thus "maximiz[ing]" profit of the salvaged vehicle. *Id.* ¶¶ 58-59. Plaintiff's vehicle "could have" and should have been repaired, but "USAA never offered a repair option to Plaintiff." *Id.* ¶¶ 60-61.

Plaintiff filed this action in state court on February 25, 2022, bringing a negligence

2

claim against Defendant Williams and claims for breach of contract, breach of the duty of good faith and fair dealing, and fraud against the USAA Defendants. *See id.* ¶¶ 80-113. On March 30, 2022, the USAA Defendants removed the case to this Court on the basis of federal diversity jurisdiction, citing CIC's non-Oklahoma incorporation, USAA's allegedly fraudulent joinder, and the alleged procedural misjoinder of Defendant Williams. *See* Notice of Removal at 2, 4-15; 28 U.S.C. §§ 1332, 1441. Plaintiff then filed her Motion to Remand.

   II.   *Federal Diversity Jurisdiction*

A defendant may remove a case pending in state court to federal court if the case is one over "which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Res. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

   A. *Amount in Controversy*

The relevant statute prescribes that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). It is undisputed that the amount in controversy requirement is met in this action. *See* Pet. ¶¶ 100, 113; Notice of Removal at 3; *see also* 28 U.S.C. § 1446(c)(2).

3

### B. Complete Diversity

Section 1332(a) additionally requires that a removed action be "between . . . citizens of different States." 28 U.S.C. § 1332(a). The Court's jurisdiction under this statute requires complete diversity among the parties—i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). The party invoking diversity jurisdiction—here, the USAA Defendants—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The citizenship of the named parties for diversity purposes is not disputed here. Both Plaintiff and Defendant Williams are alleged to be residents of the State of Oklahoma and Oklahoma citizens for diversity purposes. *See* Pet. ¶¶ 5, 8. Defendant USAA is an unincorporated association "deemed to be a citizen of each state in which each of its members reside, including Oklahoma." *Id.* ¶ 11; *accord* Notice of Removal at 4. Defendant CIC is a Texas citizen for diversity purposes. *See* Pet. ¶ 12; Notice of Removal at 4.

It follows that, on the face of the record now before the Court, complete diversity does not exist among Plaintiff (Oklahoma), Defendant Williams (Oklahoma), USAA (Oklahoma), and CIC (Texas).

### III. Plaintiff's Motion to Remand

Citing this lack of complete diversity, Plaintiff seeks remand due to this Court's lack of subject-matter jurisdiction, pursuant to 28 U.S.C. § 1447(c). *See* Pl.'s Mot. to Remand at 7-8, 11-26. The USAA Defendants argue that this Court may properly exercise

jurisdiction over this action because, in an effort to defeat removal, Defendant Williams was procedurally misjoined by Plaintiff and USAA was fraudulently joined by Plaintiff. *See* Defs.' Resp. at 9-31; Notice of Removal at 4-15.

### A. Procedural Misjoinder

Procedural misjoinder "occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (internal quotation marks omitted).[1] "Courts that apply the doctrine effectively carve away procedurally misjoined parties, resolving the jurisdictional spoiler and leaving the Court with diversity jurisdiction." *Emergency Servs. of Okla.*, 650 F. Supp. 3d at 1224.

The USAA Defendants argue that, pursuant to procedural misjoinder, the Court should disregard the nondiverse citizenship of Defendant Williams. They contend Plaintiff's claim that Defendant Williams negligently caused her injury "has nothing to do with" Plaintiff's claims against the USAA Defendants, as the latter relate only to the valuation of Plaintiff's vehicle and allegedly fraudulent insurance practices. *See* Defs.' Resp. at 9-10, 19-31.[2]

---

[1] The doctrine is also referred as "fraudulent misjoinder." The Court herein will use "procedural misjoinder" "to avoid confusion with the related concept of fraudulent *joinder*"—which is a separate doctrine that "has been widely accepted by courts." *Emergency Servs. of Okla., PC v. United HealthCare Ins. Co.*, 650 F. Supp. 3d 1211, 1216 n.1 (W.D. Okla. 2022) (emphasis added); *Progressive Well Serv., Inc. v. Hanover Ins. Co.*, No. CIV-22-139-J, 2022 WL 22869769, at *2 (W.D. Okla. Apr. 8, 2022).

[2] In presenting this argument, the USAA Defendants repeatedly state that "Plaintiff combined two separate lawsuits in this action," with no attempt to identify this statement

5

While one federal appellate court has accepted procedural misjoinder as a basis for remand, the Tenth Circuit has not done so.[3] "[O]n the two occasions that the Tenth Circuit has addressed the doctrine, it has neither adopted nor rejected its application." *Core Dev. TCB, LLC v. Covington Specialty Ins. Co.*, No. 24-925-PRW, 2024 WL 5191378, at *2 (W.D. Okla. Dec. 20, 2024) (citing *Lafalier*, 391 F. App'x at 739; *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014)). This lack of controlling authority, combined with an "absence of direction from the Supreme Court . . . or a majority of the circuits," has led "numerous" district courts within this Circuit to refuse to apply the procedural misjoinder doctrine as a basis for retaining jurisdiction over a nondiverse removed action. *Nichols v. Medtronic, Inc.*, No. CIV-20-326-F, 2020 WL 3050770, at *4 (W.D. Okla. June 8, 2020); *Sanelli v. Farmers Ins. Co.*, No. CIV-23-363-SLP, 2023 WL 3775177, at *3 (W.D. Okla. June 2, 2023) (noting that "even when the doctrine has been adopted" "it has not been uniformly applied"); *see, e.g.*, *Bloodworth v. Durant HMA Physician Mgmt., LLC*, No. CIV-23-172, 2023 WL 6035688, at *3-4 (E.D. Okla. July 21, 2023) (R. & R.), *adopted*, 2023 WL 6847558 (E.D. Okla. Oct. 17, 2023).

To the extent the USAA Defendants argue that "the Court can apply the doctrine because there is no binding precedent *prohibiting* the application of procedural misjoinder," this premise is flawed at best:

---

as a rhetorical device. Defs.' Resp. at 9-10. The USAA Defendants' factual assertion is false. Defendants' counsel are reminded of their duty of candor to the Court.

[3] *See Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 814 (5th Cir. 2021) ("That doctrine has been adopted only by the Eleventh Circuit and a number of district courts." (citation omitted)).

> The Court rejects the argument that it can apply the doctrine because there is no binding authority prohibiting its application. "If an act can be performed by a district court, it is because it was permitted and not because it was not prohibited by Congress. Federal courts operate only in the presence rather than the absence of statutory authority." *Wyeth Lab'ys, a Div. of Am. Home Prods. Corp. v. U.S. Dist. Ct. for Dist. of Kan.*, 851 F.2d 321, 324 (10th Cir. 1988). Ultimately, this is not a matter for this lower district court in the first instance. *See* [*Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252 (1867)]. With no constitutional provision, statute, or binding precedent allowing this Court to apply procedural misjoinder, Insurance Companies have failed to meet their burden to establish that removal is proper. While there may be "many good reasons to adopt procedural misjoinder," *Lafalier*, 391 F. App'x at 739, it is beyond the purview of this Court to adopt new doctrines regarding jurisdiction, particularly when the Supreme Court has instructed that there is a presumption "that a cause lies outside" of a federal court's limited jurisdiction, and that federal jurisdiction "is not to be expanded by judicial decree." [*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)].

*Emergency Servs. of Okla.*, 650 F. Supp. 3d at 1225-26; *accord Lee v. Heredia-Gallegos*, No. 23-cv-01184, 2023 WL 6904542, at *3 (D. Colo. Sept. 7, 2023) (R. & R.), *adopted*, 2023 WL 7089903 (D. Colo. Oct. 26, 2023).

The Court finds these many decisions persuasive and, in light of the requirement to resolve all doubts "against removal," declines to apply procedural misjoinder as the basis to ignore the citizenship of Defendant Williams. *Fajen*, 683 F.2d at 333; *see Calderon v. Wade*, No. 20-cv-00066, 2020 WL 2065277, at *2 (D.N.M. Apr. 29, 2020); *Progressive Well Serv.*, 2022 WL 22869769, at *2; *Sanelli*, 2023 WL 3775177, at *3-4.

Because the USAA Defendants have not met their burden to show complete diversity between the parties, the Court lacks subject-matter jurisdiction, and remand is required. *See* 28 U.S.C. §§ 1332(a), 1447(c); *Middleton*, 749 F.3d at 1200.[4]

---

[4] Given the lack of diversity between Plaintiff and Defendant Williams, the Court need not

7

### B. Plaintiff's Request for Costs and Fees

Plaintiff seeks an award of the fees and costs incurred in seeking remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "While an award of fees is within the discretion of the Court, 'absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Graham v. CSAA Fire & Cas. Ins. Co.*, No. CIV-19-793-PRW, 2020 WL 1699554, at *2 (W.D. Okla. Apr. 8, 2020) (alteration and footnote omitted) (quoting *Martin v. Franklin Cap. Co.*, 546 U.S. 132, 141 (2005)). While unsuccessful, the Court does not find that the USAA Defendants lacked an objectively reasonable basis to seek removal. *See, e.g.*, *Emergency Servs. of Okla.*, 650 F. Supp. 3d at 1226-27; *Calderon*, 2020 WL 2065277, at *4. Plaintiff's request is DENIED.

## CONCLUSION

Plaintiff's Motion to Remand (Doc. No. 13) therefore is GRANTED.

The Court REMANDS this matter to the District Court of Oklahoma County, Oklahoma, and DIRECTS the Clerk of this Court to mail a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 11th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

consider whether the citizenship of USAA should be disregarded due to fraudulent joinder.